IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHARLES LEE REYNOLDS,

         Civil No. 07-1244-ST

       Petitioner,

  v.

J.E. THOMAS,

         FINDINGS AND RECOMMENDATION

       Respondent.

       Stephen R. Sady
       Chief Deputy Federal Defender
       101 S.W. Main Street, Suite 1700
       Portland, Oregon 97204

            Attorney for Petitioner

       Karin J. Immergut
       United States Attorney
       Suzanne A. Bratis
       Assistant United States Attorney
       1000 SW Third Avenue, Suite 600
       Portland, Oregon 97204

            Attorneys for Respondent

///

1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2241 in which he challenges the computation of his federal sentence.  Specifically, he alleges that the Bureau of Prisons ("BOP") wrongfully denied him credit toward his federal sentence for 50 months and 22 days he spent in Montana state custody.  With that credit, he would be entitled to release in July 2008 rather than in February 2012.  For the reasons set forth below, the Petition for Writ of Habeas Corpus (docket #1) should be denied.

## BACKGROUND

According to the record in this case, a federal warrant was issued for petitioner's arrest at 2:45 p.m. on October 3, 2002. Petitioner's Reply Exhibit C.  That same evening, petitioner was arrested by the Ennis (Montana) Police Department following his attempt to cash a forged cashier's check at a local bank earlier that day at approximately 4:30 p.m. and his subsequent attempt to elude the police.  Petitioner's Reply Exhibit B, pp. 1-2.  After being treated at a local hospital for injuries sustained during his attempt to elude the police, authorities from the Ennis Police Department booked petitioner into the Madison County Jail at 4:00 a.m. on October 4, 2002.  Petitioner's Reply Exhibit A.

The Booking Sheet shows that the arrest had been made pursuant to a "warrant." *Id*.  However, it was not until approximately five hours later that Officer Thomas W. Tighe of the Ennis Police

2 - FINDINGS AND RECOMMENDATION

Department received the federal arrest warrant which had been issued the previous day. Petitioner's Reply Exhibit B, p. 3. Officer Tighe then served the federal warrant on petitioner at 10:05 a.m. on October 4, 2002. *Id*. Rather than referring to the federal warrant, the "warrant" on the Booking Sheet appears to refer to one of the other "outstanding felony warrants" for petitioner's arrest. *Id* at 1 and Exhibit F(PSR), ¶¶ 20, 87. In any event, the authorities clearly had probable cause to arrest and book petitioner for committing various state crimes on October 3, 2002.

On October 29, 2002, petitioner was charged by information in Madison County on various state charges. Petitioner's Exhibit E. However, on November 25, 2002, a representative of the U.S. Marshal's Service took custody of petitioner at the Lewis and Clark County Jail pursuant to a writ of *habeas corpus ad prosequendum* for his appearance on criminal charges in the United States District Court. Respondent's Exhibit 1, Att. 2. Petitioner ultimately pled guilty to Identity Theft and Bank Fraud in the U.S. District Court in Montana, and on May 22, 2003, the federal court sentenced him to 71 months in custody as to each count to be served concurrently. Respondent's Exhibit 1, p. 1.

Petitioner was returned to state custody following his federal sentencing and was convicted on state charges in the First Judicial Circuit Court of Montana, sitting in Lewis and Clark County. As a

3 - FINDINGS AND RECOMMENDATION

result, on August 1, 2003, that court imposed the following terms
of imprisonment:

> Group A -- sentences to run concurrently with each other
> and with the federal sentence:
>
>> 1.   DUI: 9.5 years;
>>
>> 2.   Forgery: 10 years;
>>
>> 3.   Fraudulently obtaining dangerous drugs: 5 years;
>
> Group B -- sentences to run consecutively with each other
> and consecutively to Group A:
>
>> 4.   Theft of identity: 10 years; and
>>
>> 4a.  Theft of identity: 5 years (suspended);
>
> Group C -- sentences to run concurrently with Group B and
> consecutively to Group A:
>
>> 5.   Forgery: 15 years (5 years suspended).

Respondent's Exhibit 1, Att. 4, pp. 3-4 (emphasis added).

On December 24, 2003, petitioner was sentenced by the Fifth
Judicial District Court sitting in Madison County after he pled
guilty to criminal possession of drugs, criminal endangerment, and
criminal mischief.   Respondent's Exhibit 1, Att. 5.   That court
sentenced petitioner to five years imprisonment to be served
concurrently to the sentences imposed in Lewis and Clark County and
the U.S. District Court.  *Id*.

In 2004, petitioner, with the assistance of counsel, asked the
BOP to reconsider its computation of his sentence based on his
assertion that he began his incarceration as a federal prisoner.
Petitioner's Reply Exhibit G, pp. 1-5.   He asked the BOP to

4 - FINDINGS AND RECOMMENDATION

designate *nunc pro tunc* his state institution as the facility for service of his federal sentence.  Such a designation, if allowed, would have reduced petitioner's scheduled term of incarceration by approximately four years.

On December 16, 2004, the BOP responded that the Judgment from petitioner's federal criminal case "reveals the concurrent language pertains to the two federal sentences which were imposed, and not for the state sentences he is currently serving.  Bureau of Prisons staff discussed this interpretation with the Chambers of the [sentencing judge], who indicated no objections with our assessment."  *Id* at 6.

Petitioner did not find this letter to be sufficiently responsive and, through counsel, sent another letter to the BOP on December 30, 2004, in which he agreed that "there is no specific mention of concurrency with state sentences[,]" but asked whether the BOP "would consider asking [the sentencing judge] again, whether under the circumstances here -- that the subsequent state judgment were specified to run concurrently with the federal sentence -- if [the sentencing judge] would recommend it also[.]"  *Id* at 7-8.  Regional counsel for the BOP responded that there was no reason for further discussion.  *Id* at 9.

Petitioner remained in state custody until December 22, 2006, when he was transferred to federal custody.  When the BOP computed

his sentence, it did not award him for credit for his time served in state custody.

On September 17, 2007, the BOP sent a letter to petitioner's federal sentencing judge, the Honorable Charles C. Lovell.  The BOP advised Judge Lovell that petitioner had requested a reduction in his federal term in accordance with the United States Sentencing Guidelines ("USSG") § 5G1.3 so that he might receive credit for time he spent in state custody.  Respondent's Exhibit 1, Att. 9. Judge Lovell responded that he made no reference to the state sentences during federal sentencing because the state sentences did not exist.  Respondent's Exhibit 1, Att. 10.  He concluded that he had no comment on the BOP's consideration of petitioner for retroactive designation of the state institution for service of the federal sentence.  *Id.*  Thereafter, the BOP assessed petitioner's *nunc pro tunc* request pursuant to 18 U.S.C. § 3621(b) and denied it.  Respondent's Exhibit 1, Att. 11.

Petitioner filed this habeas corpus action in August 2007 alleging that the BOP wrongfully denied him credit for time served, and that such a denial is arbitrary, capricious, and not in accordance with the law.

## **FINDINGS**

The Attorney General, through the BOP, is responsible for sentence computation decisions.  *United States v. Wilson*, 503 U.S.

329, 331 (1992).  Commencement of a federal prisoner's sentence, as well as credit for prior custody, are governed by 18 U.S.C. § 3585:

> (a) **Commencement of a sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (bold in original, italics added).

Petitioner erroneously claims that he was initially taken into custody pursuant to the federal warrant. As discussed above, the law enforcement officers from Ennis, Montana, were unaware of the federal warrant when they arrested petitioner and booked him into a local jail.  Accordingly, petitioner was not received into federal custody for service of his federal sentence until December 22, 2006.  Thus, for purposes of 18 U.S.C. § 3585(a), petitioner's federal term of imprisonment did not begin until that date.

7 - FINDINGS AND RECOMMENDATION

Petitioner also is ineligible for federal sentencing credit as "prior custody credits" pursuant to 18 U.S.C. § 3585(b) for the time he spent in state custody.  The time he spent in Montana's jails and prisons between October 3, 2002, and his release to federal custody on December 22, 2006, was all credited towards his state sentence.  Because 18 U.S.C. § 3585(b) explicitly provides that no prior custody credits will be awarded based on time credited toward the service of another sentence, petitioner is not entitled to such credit.

Petitioner argues that the denial of his request for *nunc pro tunc* designation of the state prison for service of his federal sentence was arbitrary and capricious, and not in accordance with the law.  First, he contends that the BOP improperly imputed an intent to the sentencing court to effectively run the federal and state sentences consecutively.  The only written document from Judge Lovell regarding the issue of concurrent versus consecutive sentencing states as follows:

> I am in receipt of your letter dated September 17, 2007, seeking my position on your contemplated retroactive designation of state institution for service of Defendant Reynolds' 71-month federal sentence.
>
> When I sentenced Defendant Reynolds on May 22, 2003, I was aware, of course, that he was then pending sentencing both in Lewis and Clark County (Montana First Judicial District) and also in Madison County (Montana Fifth Judicial District). I made no reference to the Defendant's state sentences because they did not yet exist.

8 - FINDINGS AND RECOMMENDATION

> In response to your inquiry, I have no comment on your consideration of Defendant Reynolds for retroactive designation of the state institution for service of the federal sentence.

Respondent's Exhibit 1, Att. 9 at 2.

Petitioner faults the BOP for allowing the federal sentence to run consecutively despite the state courts' express intentions that the state sentences run concurrently with petitioner's federal sentences. However, the intentions of the state courts are not binding on the federal courts. *Jake v. Herschberger*, 173 F.3d 1059, 1065 (7th Cir. 1999) ("determination as to concurrence of sentence made by one sovereign does not bind the other"). Because petitioner's federal Judgment was silent as to being concurrent with any future state sentences and Judge Lovell expressed no preference when asked, the BOP was within its discretion to run the federal sentence consecutively.

Petitioner also alleges that the BOP failed to follow its own rules with respect to the *nunc pro tunc* designation request. Specifically, he asserts that the BOP erroneously applied 18 U.S.C. § 3621(b) to determine his eligibility for retroactive designation of his state prison as a place for service of his federal sentence. The BOP's assessment of petitioner's case was in accordance with Program Statement 5160.05, titled "Designation of State Institution for Service of Federal Sentence," which requires the BOP to analyze such requests under the factors identified in 18 U.S.C. § 3621(b).

9 - FINDINGS AND RECOMMENDATION

The BOP rejected petitioner's *nunc pro tunc* designation request based on the comments of the sentencing court, his lengthy criminal history, and the career nature of his criminal activities. Respondent's Exhibit 1, Att. 11. Petitioner asserts that 18 U.S.C. § 3621(b) should only be applied prospectively to determine a suitable place of confinement. Otherwise, he contends that it becomes a de facto resentencing by the BOP. However, he is unable to identify any controlling authority for such a proposition or an alternate mechanism by which the BOP is tasked with meaningfully addressing designation requests in a retroactive fashion. Accordingly, the BOP's application of 18 U.S.C. § 3621(b) to petitioner's case pursuant to the governing Program Statement does not violate principles of due process of law.

Petitioner next asserts that the BOP acted arbitrarily and capriciously and abused its discretion when it failed to consider that his federal sentence would have been concurrent under USSG § 5G1.3(b) if the state sentences had been imposed prior to the federal sentence. In this case, the state sentences were not imposed first. Thus, the Sentencing Guidelines do not call for concurrent state and federal sentences. Accordingly, the BOP's decision cannot be deemed arbitrary, capricious, or an abuse of discretion in this respect.

Petitioner also challenges the BOP's decision because it did not comport with *Cozine v. Crabtree*, 15 F. Supp.2d (1997) (D. Or.

10 - FINDINGS AND RECOMMENDATION

1998).  In *Cozine*, this court determined that "the United States had primary jurisdiction over Cozine at the time sentence was imposed, with no other pending convictions or sentences to serve." *Id* at 1020.  Here, by contrast, Montana had taken primary jurisdiction of and did not release petitioner to federal custody until December 22, 2006, the date on which the BOP started the clock running on his federal sentence.  In addition, the BOP's decision in *Cozine* was predicated on 18 U.S.C. § 3584, not 18 U.S.C. § 3585.  Accordingly, *Cozine* is inapposite.

Even if Montana had primary jurisdiction, petitioner argues that it relinquished its jurisdiction by failing to proceed for over six months, citing *Buggs v. Crabtree*, 32 F. Supp.2d 1215 (D. Or. 1998).  In *Buggs*, the court determined that the State of Washington, despite having primary jurisdiction over petitioner Buggs by arresting him on a state warrant, relinquished jurisdiction "by not acting on either of the state charges against him until over six months had passed, and the federal court had tried and sentenced petitioner on the federal charges." *Id* at 1219.  As a result, it credited the time spent in state custody towards the later federal sentence.

In this case, the U.S. Marshal's Service took temporary custody of petitioner less than 60 days after his arrest by local authorities and shortly after an information had already been filed in Lewis and Clark County.  Federal authorities took temporary

custody of petitioner via a *habeas corpus ad prosequendum*, a mechanism for temporary custody frequently utilized by the federal courts which does not divest a particular state of primary jurisdiction. *See Taylor v. Reno*, 164 F.3d 440, 444 (9th Cir. 1998). Six months later on May 22, 2003, petitioner was sentenced in federal court. Shortly thereafter, he was returned to state custody where his criminal proceedings in Lewis and Clark County moved relatively quickly, resulting in petitioner's sentencing on July 24, 2003. Based on this record, there is no indication that Montana (the sovereign with priority of jurisdiction) relinquished jurisdiction to the United States.

Petitioner's case is most analogous to *Abdul-Malik v. Hawk-Sawyer*, 403 F.3d 72 (2nd Cir. 2005). In that case, the prisoner was in state custody in New York awaiting trial when he was indicted in federal court in June 1992 and temporarily removed to federal custody via a writ of *habeas corpus ad prosequendum*. Abdul-Malik was convicted in federal court in July 1993. Because there were no pending state sentences to serve, the federal district court did not express whether the federal sentence was to be served concurrently or consecutively with any future state sentence.

Abdul-Malik was returned to state custody following his conviction in federal court and, in August 1994, convicted of state charges and sentenced to 17 years in prison. The state court

12 - FINDINGS AND RECOMMENDATION

indicated that its sentence was to be run concurrently to the federal sentence.

Thereafter, Abdul-Malik requested that the BOP, *nunc pro tunc*, designate his state prison as a federal prison such that his state and federal sentences would run concurrently. The BOP denied this request, and the district court denied his subsequent application for relief from the BOP's decision.

The Second Circuit determined that the expressed intention of the state sentencing court to run the state sentence concurrently with the prior federal sentence "is not binding on federal authorities." *Id* at 75. It concluded that because the BOP "gave 'full and fair consideration' to Abdul-Malik's request for designation of his state prison *nunc pro tunc* as a place of federal incarceration[,]" the BOP's decision "'is plainly and unmistakably within the BOP's discretion and we cannot likely second guess a deliberate and informed determination by the agency charged with administering federal prison policy.'" *Id* at 76, quoting *Taylor v. Sawyer*, 284 F.3d 1143, 1149 (9th Cir. 2002).

Petitioner in this case was taken into primary custody by Montana authorities and sentenced first in federal court, then in state court. Montana never relinquished primary jurisdiction over him until the expiration of his state sentences. Petitioner requested *nunc pro tunc* designation and the BOP, after consultation with the federal sentencing judge and an assessment of the factors

contained in 18 U.S.C. § 3621(b), declined to allow him to serve his federal sentence in the Montana prison.  Accordingly, the BOP gave full and fair consideration to petitioner's request and properly exercised its discretion in denying it.

Petitioner argues that he should at least be credited with serving his sentence beginning on March 4, 2004, when he asserts that he was tendered by Montana to the U.S. Marshal's Service for service of his federal sentence.  According to petitioner, the U.S. Marshal's Service rejected the tender based on a lack of available resources.  There is no evidence in the record to support the contention that the U.S. Marshal's Service ever refused to take petitioner, and it appears that the U.S. Marshal's Service does not refuse inmate transfers due to limited resources.  Declaration of Rebecca Hill, p. 1.

Petitioner also contends that the BOP misapplied 18 U.S.C. § 3584(a) to his case.  That statute applies only where: (1) multiple terms of imprisonment are imposed at the same time; or (2) the inmate is subject to an undischarged term of imprisonment. Neither of these situations applies to petitioner.  Furthermore, the record reveals that the BOP properly relied on 18 U.S.C. § 3585, not 18 U.S.C. § 3584, in assessing his term of federal custody.  Declaration of Cheryl Pauley, p. 5.

Finally, petitioner asserts that the BOP exceeded its authority to administer federal sentences by converting concurrent

state sentences into consecutive sentences, thereby intruding on the State's exclusive authority to establish the quantum of punishment it deems appropriate under state law. As is apparent from the foregoing, the BOP did not exceed its authority, and its decision regarding petitioner's *nunc pro tunc* designation request did not alter the duration of the sentences imposed by Montana's state courts (although the decision did, of course, impact the cumulative term of imprisonment petitioner is obligated to serve).

What is troubling, though, is the fact that the same branch of government that prosecuted petitioner also determined that he should serve his federal sentence consecutively to his state sentences. "Federalism concerns are implicated because the federal BOP is given the effective authority to enforce (or not) a state court's determination that state sentence should run concurrently." *Abdul-Malik*, 403 F.3d at 76. While it may be preferable for such decisions to be made by the courts as opposed to the Attorney General (through the BOP), this is an issue for congressional consideration. *See id; see also Fegans v. U.S.*, 506 F3d 1101, 1104 (8th Cir. 2007).

Where, as here, the BOP gives full and fair consideration to an inmate's request for designation of his state prison *nunc pro tunc* as a place of federal incarceration, the resulting decision "is plainly and unmistakably within the BOP's discretion. . . ."

15 - FINDINGS AND RECOMMENDATION

*Id.* Accordingly, the BOP's calculation of petitioner's sentence does not offend constitutional principles.

## RECOMMENDATION

For the reasons identified above, the Petition for Writ of Habeas Corpus (docket #1) should be DENIED, and Judgment should be entered DISMISSING this case with prejudice.

## SCHEDULING ORDER

Objections to these Findings and Recommendation, if any, are due July 14, 2008. If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this 25th day of June, 2008.

/s/  Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

16 – FINDINGS AND RECOMMENDATION